## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FAUSTINO XAVIER BETANCOURT
COLON,

   PLAINTIFF

     vs.

INTERNATIONAL RESTUARANT
SERVICES, INC., FICTITUOUS
DEFENDANTS 1-100, et al,

   DEFENDANTS

CIVIL NO.

### DEFENDANT INTERNATIONAL RESTAURANT
### SERVICES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant International Restaurant Services, Inc., hereinafter "IRSI", hereby gives notice of removal of this action, **Betancourt Colon v. International Restaurant Services, Inc., et al**, Case No. SJ2022CV04252, from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, to the United States District Court for the District of Puerto Rico. IRSI removes this action on the basis of federal question jurisdiction pursuant to the provisions of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, Plaintiff's request for a permanent injunction due to alleged violations as per 42 U.S.C. § 12188, as well as alleged violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, among others.

As further grounds for removal, IRSI states the following:

### INTRODUCTION

1.    The captioned case was filed by Faustino Xavier Betancourt Colon, hereinafter "Betancourt", on May 24, 2022, before the Superior Court of San Juan. (***Refer to Civil Complaint***

1

*SJ2022CV04252 attached and marked Exhibit 1)*. In synthesis, Betancourt claims that he has been denied access to the facilities of IRSI's Chili's Restaurant, a place of public accommodation, located at the Montehiedra Shopping Center located in San Juan, Puerto Rico, due to the alleged presence and/or existence of architectural barriers which preclude him from the use and enjoyment of said facility. Betancourt seeks the imposition of a permanent injunction and nominal damages pursuant to the provisions of the Americans with Disabilities Act and Rehabilitation Act previously cited herein.

2.     The captioned case should rightfully be adjudicated by this Honorable Federal Court. The existence of federal question jurisdiction is apparent from the face of the which predicates the basis for the petition and relief requested therein, exclusively on the provisions of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, Plaintiff's request for a permanent injunction due to alleged violations as per 42 U.S.C. § 12188, as well as alleged violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, among others.

## **PROCEDURAL HISTORY**

3.     On May 24, 2022, Plaintiff filed his original complaint before the Superior Court of San Juan, Puerto Rico. *(Exh. 1)*.

4.     Plaintiff's complaint expressly recognizes the existence of federal jurisdiction as stated in ¶ 10 of his complaint, which states in pertinent part as follows: "In the event that this civil action is removed to the U.S. District Court for the District of Puerto Rico, federal jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) due to ADA violations". *(Exh. 1, ¶ 10)*.

5.     In the complaint, Plaintiff Betancourt seeks the imposition of a permanent injunction due to alleged violations of applicable ADA provisions as per 42 U.S.C. § 12188, and nominal damages.

6.    Plaintiff Betancourt alleges that the Chili's Grill & Bar (Montehiedra), which is owned and/or operated by Defendant IRSI is a place of public accommodation as per 42 U.S.C. § 12181(7).  ***(Exh. 1, ¶ 1(e); & 13)***.

7.    Plaintiff alleges that he frequently visits the facilities of Chili's Grill & Bar; that the last visit was on May 12, 2022; and that he allegedly personally encountered architectural barriers in the payment counter, bathrooms and hallways. ***(Exh. 1, ¶ 1 (d)- (f))***.

8.    Plaintiff Betancourt alleges that he suffers from various physical conditions which affect his daily living, to wit, congestive heart failure, hydrocephalia, foot abnormalities and obesity; and that t/by virtue of the aforementioned conditions he is disabled as per the ADA 42 U.S.C. § 12102(1)(A). ***(Exh. 1, ¶¶ 3 & 4)***.

9.    IRSI was personally served with summons and the complaint filed before the Superior Court of San Juan on June 23, 2022. ***(Refer to evidence of service of summons attached and marked Exhibit 2)***.

10.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings on file with the Superior Court of Carolina are attached hereto and marked Exhibit 3.

## VENUE AND JURISDICTION

11.    Venue is proper in this Court pursuant to the provisions of 28 U.S.C. §§ 119, 1391, 1441(a), and 1446(a), because the Superior Court of San Juan, where the complaint was originally filed, is located within the District of Puerto Rico.

12.    This Court has diversity jurisdiction under 28 U.S.C. § 1331, because the complaint expressly invokes the existence of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) due to ADA violations". ***(Exh. 1, ¶ 10)***: *See also* Section I, infra.

13.    All other requirements for removal here have been satisfied. See Section I, infra.

## BASIS FOR REMOVAL

## I.      THIS COURT HAS FEDERAL QUESTION JURISDICION

14.     All district courts are absolutely authorized by Congress to exercise jurisdiction over all actions removed by a defendant if, and only when, the litigation falls within the court's original jurisdiction. *See* **Champagne v. Revco .S., Inc**., 997 F. Supp. 220 (D.R.I. 1998). It is important to note that "[r]emoval statutes do not create jurisdiction. They are instead a mechanism to enable federal courts to hear the cases that are already within their original *jurisdiction."* **Lontz v. Tharp**, 413 F.3d 435, 444 (4th Cir. 2005). This is so because of the "important federalism concerns at play in considering removal jurisdiction." **Rosselló–González v. Calderón–Serra**, 398 F. 3d 1, 11(1st Cir.2004); *see also* **Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal**., 463 U.S. 1, 7–8  (1983).

15.     In the captioned case, removal jurisdiction turns on whether the case falls within "federal question" jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is "no mechanical test for determining when an action aris[es] under federal law." **R.I. Fishermen's Alliance, Inc. v. R.I. Dep't of Envtl. Mgmt**., 585 F.3d 42, 47–48 (1st Cir. 2009) (citing **Franchise Tax Bd**., 463 U.S. at 8).

16.     Removal of an action filed before the state court to federal court is governed by the removal statute, which is codified at 28 U.S.C. § 1441, and provides, in relevant part, that defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." **City of Chicago v. Int'l Coll. of Surgeons**, 522 U.S. 156, 163, (1997); see also **Long v. Bando Mfg. of Am., Inc**., 201 F.3d 754, 757 (6th Cir. 2000) ("In order to invoke the

district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.").

17.     Original jurisdiction in the district court exists pursuant to 28 U.S.C. § 1331 where a federal question, that is, a claim "arising under the Constitution, laws, or treaties of the United States", is asserted in the plaintiff's state complaint, or where there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332. See **Exxon Mobil Corp. v. Allapattah Servs., Inc**, 545 U.S. 546, 552, (2005).

18.     A state case may be removed to federal court if the allegations assert a "claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The Supreme Court of the United States has made clear that, in deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right, and the court is to look only to *plaintiff's state complaint* to find the answer. **Hernández-Agosto v. Romero-Barceló**, 748 F.2d 1, 2 (1st Cir. 1984) (emphasis in original).

19.     The "arising under" analysis is premised on the well-pleaded complaint rule, which "requires the federal question to be stated on the face of the plaintiff's well-pleaded complaint." **R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt**., 585 F.3d 42, 48 (1st Cir. 2009); accord **Franchise Tax Bd**., 463 U.S. at 9–10, 103 S. Ct. 2841. As a general matter, this rule envisions "that the plaintiff is master of his complaint and that a case cannot be removed if the complaint's allegations are premised only on local law." **Negrón–Fuentes v. UPS Supply Chain Solutions**, 532 F. 3d 1, 6 (1st Cir.2008).

20.     As previously stated herein, the jurisdictional question is determined from what appears on the *plaintiff's* state court claim, without reference to any other pleadings. **Templeton**

**Bd. of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc**., 352 F. 3d 33, 37 (1st Cir.2003). There are two types of actions that may come within federal question jurisdiction. The first category "involves direct federal questions; that is, suits in which the plaintiff pleads a cause of action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute)." **R.I. Fishermen's Alliance**, 585 F.3d at 48. These cases, which constitute the "vast majority" of cases brought under the general federal question jurisdiction of the district courts, are those "in which federal law creates the cause of action." **Merrell Dow Pharm. Inc. v. Thompson**, 478 U.S. 804, 808, (1986). Where a complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," the federal court must entertain the suit. **Bell v. Hood**, 327 U.S. 678, 681, (1946); See also **Ortiz De Arroyo v. Barceló**, 765 F. 2d 275, 279 (1st Cir. 1985).

21.     A review of the Plaintiff's original complaint reveals that his claims are expressly premised on cited provisions of the Americans with Disabilities Act and the Rehabilitation Act, and he is requesting the injunctive and other nominal relief provided thereunder. In fact, Plaintiff Betancourt did not cite any local statute or provision in his complaint. It follows that the four corners of Betancourt's complaint assert a "claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).  Clearly, removal is appropriate in the context of this case.

## II.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

22.     The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). IRSI, which is the only named defendant, was personally served on June 23, 2022 and has filed this Notice of Removal within 30 days of service of the complaint.

23.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Puerto Rico, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of San Juan.

24.     By filing this Notice of Removal, IRSI does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

## CONCLUSION

**WHEREFORE**, Defendant IRSI respectfully gives notice that the matter, bearing case number SJ2022CV04252 and pending in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of San Juan, is removed to the United States District Court for the District of Puerto Rico, and requests that the Court retain jurisdiction for all further proceedings in this matter.

**I HEREBY CERTIFY**: That on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System which will send notification to the attorneys of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 22nd day of July, 2022.

*S/JEANNETTE LÓPEZ DE VICTORIA*
**JEANNETTE LÓPEZ DE VICTORIA**
**USDC BAR NUMBER 205101**

**OLIVERAS & ORTIZ, PSC**
171 Ave. Chardon, Suite 406
Hato Rey, PR  00918
Telephone: (787) 724-8103
Facsimile:  (787) 724-8152
E-Mail: hoeman1959@live.com